TERRI KEYSER-COOPER
Law Office of Terri Keyser-Cooper
Nevada Bar No. 3984
3590 Barrymore Dr.
Reno, NV 89512
(775) 337-0323
keysercooper@lawyer.com

Luke Busby, Esq.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EUGENIO ENRIQUE CORONA,

    Plaintiff,

vs.

WASHOE COUNTY DEPUTY SHERIFF JASON WOOD and WASHOE COUNTY DEPUTY SHERIFF FRANCISCO GAMBOA,

    Defendant(s),
_____/

Case No.:  3:17-cv-407

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR EXCESSIVE FORCE BY POLICE OFFICERS**

**Introduction**

1. This action is brought by Plaintiff EUGENIO ENRIQUE CORONA ("Plaintiff" or "Corona"), by and through the undersigned counsel, to secure redress for Defendants WASHOE COUNTY DEPUTY SHERIFF JASON WOOD ("Deputy Wood") and WASHOE COUNTY and DEPUTY SHERIFF FRANCISCO GAMBOA ("Deputy Gamboa") for violation of the Plaintiff's civil right to be free from excessive force and for assault and battery.

Page -1-

**Jurisdiction and Venue**

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 2201; 42 U.S.C. Sections 1983 and 1988; and associated state law claims.

3. Venue in this action is appropriate in the District of Nevada pursuant to 28 U.S.C. Section 1391(b), and the transaction or occurrence before the Court occurred in this District.

**Parties**

4. Plaintiff Corona is a resident of Washoe County.

5. Deputy Wood is and at all relevant times was a Washoe County Deputy Sheriff acting under color of law.

6. Deputy Gamboa is and at all relevant times was a Washoe County Deputy Sheriff acting under color of law.

7. Plaintiff alleges that the Defendants Deputy Wood and Deputy Gamboa performed, participated in, aided and/or abetted in some manner the acts averred herein, proximately causing the damages averred below and is liable to him for the damages and other relief sought herein.

**Factual Allegations**

8. On January 18, 2017 at approximately 3 p.m., Deputy Wood attempted to pull over the Plaintiff at the intersection of McCarran Blvd. and Wedekind Road in the City of Sparks, Washoe County, Nevada. The Plaintiff fled and a chase ensued.

9. According to a report later created by Deputy Wood, the Plaintiff was wanted for Probation Violation on a Federal Felony arrest warrant for violating conditions of his release.

10. During the chase, the Plaintiff was driving a white model year 1999 Ford F150 pickup. Deputy Wood was following the Plaintiff in his Washoe County Sheriff's Office K9 Unit SUV, in which he was accompanied by a police dog named "Rony." Deputy Gamboa was also in pursuit of the Plaintiff in a separate Washoe County Sheriff's Office SUV, following behind Deputy Wood.

11. The chase of the Plaintiff by Deputy Wood and Deputy Gamboa traced a path on Wedekind Road from McCarran Blvd. for approximately 5 miles to Montello St., where the Plaintiff crashed his vehicle in the yard of a residence located on the southwest corner of

Montello St. and Wilder St. at 1897 Wilder St.

12. After crashing his vehicle, the Plaintiff exited his vehicle and ran approximately 15 yards to the driveway of the home next to 1897 Wilder St. at 1885 Wilder St. where the Plaintiff stopped, got on his knees and placed his hands on the top his head, abandoned his attempt to flee, and surrendered. The surrender was unequivocal: Plaintiff was on his knees with his hands above his head. No reasonable officer could have construed Plaintiff's actions as anything other than a complete surrender.

13. After the Plaintiff abandoned his attempt to flee and surrendered, Deputy Wood released Rony from his patrol vehicle, yelling, "arrest him!" and "get that bad guy" and "thrash him!" at which time Deputy Wood exited his vehicle. Rony viciously attacked the Plaintiff while Plaintiff was in complete surrender by biting into the Plaintiff's shoulder and chest. While Rony was mauling the Plaintiff, and Plaintiff remained in the surrender position, Deputy Wood yelled at the Plaintiff, "Stop resisting." Plaintiff was not resisting during the vicious attack by Rony but instead was screaming in pain from being attacked by Rony.

14. While Rony was attacking the Plaintiff, Deputy Gamboa exited his vehicle, ran towards the Plaintiff, grabbed the Plaintiff, and punched the Plaintiff in the face with a closed fist also while yelling "stop fighting me [expletive]!" Plaintiff was not fighting with Deputy Gamboa, Plaintiff remained in the surrender pose

15. Rony mauled the Plaintiff for more than a minute, a large portion of which the Plaintiff had multiple law enforcement officers holding the Plaintiff down, before Rony was ordered to release his grip by Deputy Wood.

16. The dashcam footage from Deputy Wood's vehicle, attached hereto as Exhibit 1, shows that the Plaintiff exiting his vehicle. But does not show the encounter between the Plaintiff and Rony. However, the dashcam footage of Deputy Gamboa, attached hereto as Exhibit 2, does show the **entire encounter**, and clearly and inarguably shows that the Plaintiff abandoned his attempt to flee and surrendered.

17. The dashcam footage in Exhibit 2 clearly contradicts Deputy Wood's later declaration that the Plaintiff was actively fleeing when he was apprehended by Rony.

18. The dashcam footage in Exhibit 2 clearly establishes that Plaintiff was in the surrender position **before** Rony was urged to attack and at the time of the attack Plaintiff was at all times in the surrender position.

19. The Plaintiff suffered multiple puncture wounds and lacerations because of being mauled by Rony.

20. Deputy Wood's releasing of Rony to attack the Plaintiff was intended to punish the Plaintiff, as is made clear by the fact that Rony was released after the Plaintiff had signaled he had given up by getting on his knees and by placing his hands on the top of his head.

21. Deputy Gamboa's punching the Plaintiff in the face with a closed fist was also intended to punish the Plaintiff, as is made clear by the fact that Deputy Gamboa punched the Plaintiff while the Plaintiff was being attacked by a large dog and after the Plaintiff had signaled he had given up by getting on his knees and by placing his hands on the top of his head.

22. Subsequent to the events described above, the Plaintiff was arrested and has since been held at the Washoe County Jail.

23. At all times Deputy Wood and Deputy Gamboa intentionally and/or recklessly provoked a violent and brutal assault and battery of the Plaintiff without provocation or need, as the Plaintiff had abandoned his attempt to flee and surrendered.

24. The conduct by Officer Wheeler constituted unreasonable and excessive use of force and an unlawful exercise in police authority.

25. As a result of the above-described acts, the Plaintiff was deprived of rights and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his right under the Fourth Amendment to be free from excessive and unreasonable force at the hands of government officials acting under color of law.

**First Cause of Action**

(Fourth and Fourteenth Amendments, Excessive Force – 42 U.S.C. Section 1983)

26. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

27. The use of force by Deputy Wood and Deputy Gamboa against the Plaintiff and after

the plaintiff had abandoned his attempt to flee and surrendered was excessive, unlawful, and unreasonable, causing injury and physical pain and suffering to the Plaintiff.

28. By the actions described above, Deputy Wood and Deputy Gamboa deprived Plaintiff of the following clearly established and well-settled constitutional rights:

a. Freedom from the use of excessive and unreasonable force;

b. Freedom from the deprivation of liberty without due process of law;

c. Freedom from summary punishment.

29. Deputy Wood and Deputy Gamboa subjected Plaintiff to these deprivations of his rights either maliciously, or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

30. As a direct and proximate result of the described unlawful and malicious conduct by Deputy Wood and Deputy Gamboa, committed under color of law and under authority as Deputy Sheriffs, the Plaintiff suffered injury, severe physical pain and suffering and emotional distress. As a result, he was deprived of his right to be secure in her person against violations of his rights under the Fourth Amendment of the United States Constitution.

31. The acts of Deputy Wood and Deputy Gamboa were intentional, wanton, malicious and oppressive and made with reckless indifference to plaintiff's rights thus entitling Plaintiff to an award of punitive damages.

**Second Cause of Action**

(Assault and Battery)

32. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

33. Deputy Wood released a viscous dog to set upon the Plaintiff and maul the Plaintiff against his will and without his permission and after the plaintiff had abandoned his attempt to flee and surrendered.

34. Deputy Gamboa set upon the Plaintiff and punched the Plaintiff in the face with a closed fist against his will and without his permission and after the plaintiff had abandoned his attempt to flee and surrendered.

35. The actions of Deputy Wood and Deputy Gamboa caused physical injury to the Plaintiff.

36. As a direct and proximate result of the above described unlawful and malicious conduct by Deputy Wood and Deputy Gamboa, committed under color of law, Plaintiff suffered injury, pain and suffering, and emotional distress.

37. The acts of Deputy Wood and Deputy Gamboa as described above were intentional, wanton, malicious and oppressive and made with reckless indifference to Plaintiff's rights thus entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against the Defendants as follows:

1. For a declaratory and injunctive relief that the policies, practices, and acts complained of herein are illegal and unconstitutional;

2. For actual and compensatory damages, in an amount to be determined at trial;

3. For exemplary and punitive damages, in an amount to be determined at trial;

4. For attorney fees and costs incurred herein;

5. For nominal damages; and

6. For such other and further relief as this Court may deem appropriate.

Respectfully submitted this Friday, June 30, 2017.

By: _____
Luke Busby, Esq.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com

TERRI KEYSER-COOPER
Law Office of Terri Keyser-Cooper
Nevada Bar No. 3984
3590 Barrymore Dr.
Reno, NV 89512
(775) 337-0323
keysercooper@lawyer.com

Exhibit List

1. Video of incident from Deputy Wood's dashcam

2. Video of incident from Deputy Gamboa's dashcam